IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:15-CV-211-D

| | |
|---|---|
| DANA JOE DENTON, and <br> PATRIZIA A. DENTON, <br>              Plaintiffs, <br> v. <br> SHAPIRO & INGLE, LLP, <br>              Defendant. | **ORDER** |

On October 9, 2015, Dana Joe Denton and Patrizia A. Denton ("plaintiffs" or "Dentons") filed a pro se amended complaint against the law firm Shapiro & Ingle, LLP ("defendant" or "Shapiro & Ingle"). See Am. Compl. [D.E. 7]. Plaintiffs allege that Shapiro & Ingle violated the Fair Debt Collections Practice Act, 15 U.S.C. §§ 1692–1692p ("FDCPA"). Specifically, plaintiffs allege that Shapiro & Ingle sent a letter dated August 20, 2015, to plaintiffs that (1) failed to comply with 15 U.S.C. § 1692g(a) (1), (2); (2) failed to disclose that the communication was from a debt collector in violation of 15 U.S.C. § 1692e(11); and (3) contains false, misleading, or deceptive representations in violation of 15 U.S.C. § 1692e(2)(A) and 1692e(10). See Am. Compl. ¶¶ 59–66; [D.E. 7-3] (Shapiro & Ingle letter of August 20, 2015). Plaintiffs also allege that Shapiro & Ingle did not cease collection of the debt before satisfying plaintiffs' notice of dispute in violation of 15 U.S.C. § 1692g(b). See Am. Compl. ¶ 61; [D.E. 7-2] (Dana Denton letter of August 12, 2015).

On November 25, 2015, Shapiro & Ingle moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted and filed a supporting memorandum. See [D.E. 13, 14]. On December 18, 2015, plaintiffs moved for summary judgment and filed a supporting

memorandum. See [D.E. 16, 17]. On January 13, 2016, Shapiro & Ingle responded in opposition to plaintiffs' motion for summary judgment. See [D.E. 18]. As explained below, the court grants Shapiro & Ingle's motion to dismiss and denies plaintiffs' motion for summary judgment.

I.

A Rule 12(b)(6) motion tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 132 S. Ct. 1327 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions drawn from the facts. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. When evaluating a Rule 12(b)(6) motion, a court considers the pleadings and any materials "attached or incorporated into the complaint." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 448 (4th Cir. 2011); see Fed. R. Civ. P. 10(c); Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Thompson v. Greene, 427 F.3d 263, 268 (4th Cir. 2005).

The legal sufficiency of a complaint depends, in part, on whether it meets the standards for a pleading stated in Federal Rule of Civil Procedure 8. See Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). Under Rule 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8(a)(2) aims to ensure that the defendant has adequate notice of the nature of the claims against it. See, e.g., Francis, 588 F.3d at 192.

As for a complaint's factual sufficiency, a party must plead "enough facts to state a claim to

2

relief that is plausible on its face." Twombly, 550 U.S. at 570. "[N]aked assertions of wrongdoing," devoid of "factual enhancement," cannot "cross the line between possibility and plausibility of entitlement to relief." Francis, 588 F.3d at 193 (quotations omitted). A plaintiff armed with nothing more than "labels and conclusions," or "a formulaic recitation of the elements of a cause of action," cannot proceed into the litigation process. Twombly, 550 U.S. at 555; see Francis, 588 F.3d at 193.

Although a court must liberally construe a pro se plaintiff's allegations, it "cannot ignore a clear failure to allege facts" that set forth a cognizable claim. Johnson v. BAC Home Loans Servicing, LP, 867 F. Supp. 2d 766, 776 (E.D.N.C. 2011); see Giarratano, 521 F.3d at 304 n.5. "The 'special judicial solicitude' with which a district court should view . . . pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed." Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Every party—pro se or otherwise—must comply with the Federal Rules of Civil Procedure. See Iqbal, 556 U.S. at 678–69; Baldwin Cty. Welcome Ctr. v. Brown, 466 U.S. 147, 152 (1984) (per curiam).

To state claim under the FDCPA, plaintiffs must plausibly allege that (1) they were the object of collection activity arising from a "consumer debt" as defined in the FDCPA; (2) Shapiro & Ingle is a "debt collector" as defined in the FDCPA, and (3) Shapiro & Ingle engaged in an act or omission prohibited by the FDCPA. See, e.g., Boosahda v. Providence Dane, LLC., 462 F. App'x 331, 333 n.3 (4th Cir. 2012) (per curiam) (unpublished); Johnson, 867 F. Supp. 2d at 776.

The court assumes without deciding that plaintiffs have plausibly alleged that they were the object of collection activity arising from a "consumer debt" as defined in the FDCPA and that Shapiro & Ingle is a "debt collector" as defined in the FDCPA. Plaintiffs, however, have not plausibly alleged that Shapiro & Ingle engaged in an act or omission prohibited by the FDCPA.

3

First, plaintiffs have not plausibly alleged a violation of 15 U.S.C. § 1692g(a)(1) and (2). Section 1692g(a)(1) and (2) provide:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed.

15 U.S.C. § 1692g(a)(1), (2). Plaintiffs' claim focuses on the letter from Shapiro & Ingle dated August 20, 2015, which they attached to their complaint as Exhibit C. See [D.E. 7-3]. Plaintiffs, however, also attached to their complaint as Exhibit A a letter from Shapiro & Ingle dated August 6, 2015. See [D.E. 7-1]. The letter dated August 6, 2015, from Shapiro & Ingle to plaintiffs constitutes "the initial communication" under section 1692g(a) and includes the information required in 15 U.S.C. § 1692g(a)(1) and (2). Compare [D.E. 7-1] 1 with 15 U.S.C. § 1692g(a)(1), (2). Thus, plaintiffs fail to state a claim upon which relief can be granted under 15 U.S.C. § 1692g(a)(1) and (2). See, e.g., McKinney v. Cadleway Props., Inc., 548 F.3d 496, 502–07 (7th Cir. 2013); Barnes v. Advanced Call Ctr. Techs., LLC, 493 F.3d 838, 839–40 (7th Cir. 2009).

Next, plaintiffs contend that Shapiro & Ingle's letter of August 20, 2015, violated 15 U.S.C. § 1692e(11). Section 1692e(11) requires a debt collector to include "in the initial written communication with consumer . . . that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose . . . ." 15 U.S.C. § 1692e(11). Shapiro & Ingle complied with section 1692e(11) in its letter of August 6, 2015. See [D.E. 7-1] 3. Moreover, if plaintiffs contend that the letter of August 20, 2015, failed to disclose "that the communication is from a debt collector" (15 U.S.C. § 1692e(11)), the letters between Shapiro & Ingle and plaintiffs

4

belie the contention. Compare [D.E. 7-1] with [D.E. 7-2] with [D.E. 7-3]. Thus, plaintiffs fail to state a claim upon which relief can be granted under 15 U.S.C. § 1692e(11). See, e.g., Ramsay v. Sawyer Prop. Mgt. of Md. LLC, 593 F. App'x 204, 207–09 (4th Cir. 2014) (unpublished).

Plaintiffs also contend that the letter of August 20, 2015, contains false, misleading, or deceptive representations, in violation of 15 U.S.C. §§ 1692e(2)(A) and 1692e(10). Section 1692e(2)(A) prohibits a false representation of "the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2)(A). Plaintiffs, however, fail to plausibly allege that the letter of August 20, 2015, and its attachment contain a false representation of "the character, amount, or legal status" of plaintiffs' debt, particularly when the letter is read as a response to plaintiffs' letter of August 12, 2015. See [D.E. 7-3]; [D.E. 7-2]; Mavilla v. Absolute Collection Serv., Inc., 539 F. App'x 202, 206–07 (4th Cir. 2013) (per curiam) (unpublished). Likewise, section 1692e(10) prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer," but plaintiffs do not plausibly allege a violation of that provision. See, e.g., Ramsay, 593 F. App'x at 207–09; Mavilla, 539 F. App'x at 207. Thus, plaintiffs fail to state a claim upon which relief can be granted under 15 U.S.C. §§ 1692e((2)(A) or 1692e(10).

Finally, plaintiffs contend that Shapiro & Ingle violated 15 U.S.C. § 1692g(b). Section 1692g(b) provides:

> If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) of this section that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in

5

subsection (a) of this section unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b). According to plaintiffs, until Shapiro & Ingle satisfied all of plaintiffs' demands in plaintiffs' letter of August 12, 2015, then any further collection activities violated section 1692g(b). See Am. Compl. ¶ 61; [D.E. 7-2].

Plaintiffs misunderstand section 1692g(b). Shapiro & Ingle did not have to satisfy all the demands contained in plaintiffs' letter of August 12, 2015. Rather, Shapiro & Ingle simply had to provide the name and address of the original creditor and mail the name and address to the plaintiffs. See 15 U.S.C. § 1692g(b). Shapiro & Ingle's letter of August 20, 2015, did exactly that. See [D.E. 7-3]. Thus, plaintiffs have failed to state a claim upon which relief can be granted under 15 U.S.C. § 1692g(b).

II.

In sum, defendant's motion to dismiss for failure to state a claim upon which relief can be granted [D.E. 13] is GRANTED. The amended complaint [D.E. 7] is DISMISSED without prejudice. Plaintiffs' motion for summary judgment [D.E. 16] is DENIED.

SO ORDERED. This 17 day of February 2016.

JAMES C. DEVER III
Chief United States District Judge